UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH NAIMI-YAZDI,<br>　　　　Plaintiff,<br>　v.<br>JPMORGAN CHASE BANK, N.A.,<br>　　　　Defendant. | Case No. 5:21-cv-04390-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Plaintiff Elizabeth Naimi-Yazdi ('Plaintiff') brings this action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. She alleges that defendant JPMorgan Chase Bank, N.A. ("Defendant") violated the FCRA by furnishing inaccurate information about her account to the consumer reporting agencies ("CRAs").[1] Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition (Dkt. No. 30), and Defendant filed a reply (Dkt. No. 35). This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is granted with leave to amend.

I.  **BACKGROUND**

The Complaint alleges the following. On or around February 25, 2021, Plaintiff's credit report reflected that her account with Defendant had a "$0 balance and is closed" but also indicated a "current pay status" of "120 days past due." Compl., Dkt. No. 1, ¶¶ 17-18. Plaintiff alleges that simultaneously "[l]isting a debt with a $0 balance" and "120 days past due" is

---

[1] All other defendants have been dismissed from the case.

Case No.: 5:21-cv-04390-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
1

"nonsensical" and inaccurate under the FCRA. *Id*. at ¶ 18. Plaintiff reasons that "[b]y continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness and impacting the credit score negatively." *Id*. ¶ 19.

Plaintiff alleges that she disputed the alleged inaccuracies with the CRAs, who in turn notified Defendant, but Defendant continued to furnish the same information. *Id*. ¶¶ 22-24, 28-29. Plaintiff also alleges that Defendant did not conduct a reasonable investigation of her dispute. *Id*. As a result of Defendant's alleged failure to comply with the FCRA, Plaintiff suffered loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial. *Id*. ¶ 30.

Based on these allegations, Plaintiff asserts claims against Defendant for willful and negligent violation of section 1681s-2(b) of the FCRA. Plaintiff seeks actual damages, as well as statutory and punitive damages.

## II. STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Case No.: 5:21-cv-04390-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

2

### III. DISCUSSION

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007). To that end, the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. 15 U.S.C. § 1681s–2. Furnishers must: (1) provide accurate information; and (2) conduct an investigation with respect to disputed information. 15 U.S.C. § 1681s-2(a)-2(b).

#### A. Plaintiff Fails to Allege Defendant Provided Inaccurate Information

To state a claim under section 1681s-2(b) of the FCRA against a furnisher like Defendant, Plaintiff must plead facts showing that an inaccuracy exists in her credit report that is either "patently incorrect" or materially misleading. *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (appellants failed to meet the "threshold burden" when they failed to point to any inaccuracies on their credit report); *see also Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010) (information in a credit report is inaccurate if it is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."). "[I]f a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail as a matter of law." *Harris v. Experian Info. Sols., Inc.*, No. 16-02162-BLF, 2017 WL 1354778, at *3 (N.D. Cal. Apr. 13, 2017).

Here, Plaintiff does not allege that Defendant furnished patently incorrect information. For example, Plaintiff does not allege that as of February 2021, her account was still "open" or that it had a balance owing. Nor does Plaintiff argue that the alleged "120 days past due" amount of $0 is inaccurate because Defendant either owed her a refund or she owed greater than $0. Nor does she allege that she always made timely payments such that her account was never "120 days past due." Instead, she alleges that the simultaneous "listing" of her "debt with a $0 balance" and "120 days past due" is "nonsensical" because if "no balance is owed, the consumer cannot be late paying that balance." Compl. ¶¶ 16-19. Although this information may seem internally inconsistent, it is not patently incorrect for purposes of the FCRA. *See*, *e.g.*, *Muehlenberg v.*

Case No.: 5:21-cv-04390-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
3

*Experian Info. Sols., Inc.*, No. 17-00392-WHO, 2017 WL 3705054, at *5 (N.D. Cal. Aug. 28, 2017) (a report that "simultaneously listed a failure to pay while not reporting a balance due for a given month, without more, fails to establish an actual inaccuracy"); *Giovanni v. Bank of Am., N.A.*, No. 12-02530 LB, 2013 WL 1663335, at *7 (N.D. Cal. Apr. 17, 2013) (reporting "zero balance" with "overdue payment" and "charge off" notations fails to establish a FCRA violation).

At most, the reported information was misleading. The Complaint, however, fails to allege any facts to show that the information was materially misleading, that is, the information was misleading "in such a way and to such an extent that it can be expected to adversely affect credit decisions." *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Plaintiff's Complaint is subject to dismissal on this basis.

Defendant argues that the Complaint should be dismissed without leave to amend because Plaintiff has not requested leave to amend, and in any event, amendment would be futile. There are out-of-circuit cases that support Defendant's position. *See Settles v. Trans Union, LLC*, No. 20-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020) (it is "implausible that a creditor would be misled into believing Plaintiff is currently 120 days past due on [her] payment obligation . . . when the reporting of the account states that the account was closed . . . and has a zero-dollar balance." ); *see also Gross v. Private Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 427 (E.D.N.Y. 2021) ("An account with a $0 balance cannot currently be past due – what would the debtor have to pay to bring the account current?"); *see also Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 901-02 (3d Cir. 2011) (affirming judgment for defendant on FCRA claim; credit report showed account as "Over 120 Past Due" and "Account Paid/Zero Balance"). Nevertheless, leave to amend must be granted even if no request to amend is made "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). Here, there is a possibility, albeit a slim possibility, that Plaintiff's Complaint may be cured by adding more

Case No.: 5:21-cv-04390-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

4

1   factual allegations. Accordingly, the Court will dismiss the Complaint with leave to amend.

### B.  Failure to Plead Willfulness

Because of the pleading deficiency discussed above, it is unnecessary to reach Defendant's remaining challenges to the Complaint. Nevertheless, the Court notes that the Complaint lacks sufficient facts to show a willful violation of the FCRA. "To recover statutory damages for a violation of the FCRA, Appellants must show that [defendant] willfully failed to comply with the statute." *Shaw*, 891 F.3d at 760 (citing 15 U.S.C. § 1681n(a)). To establish willfulness, a plaintiff must show that the defendant acted in knowing or reckless violation of the FCRA. *Id*. at 760.

Here, Plaintiff argues that Defendant's reporting "is so obviously in error that it is enough on its own to establish willfulness." Opp'n at 13. For the reasons already discussed above, however, the alleged reporting is not "so obviously in error." If Plaintiff elects to amend the Complaint, she must allege facts to show a willful violation of the FCRA to avoid dismissal. *See Thompson v. Bank of Am., N.A.*, No. 14-03603-EDL, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015) (dismissing FCRA claim; "Plaintiff asserts that Defendant 'knowingly and willfully' violated the FCRA but provides no factual basis for that assertion.").

### C.  Plaintiff Fails to Allege Sufficient Facts to Show Damages

Lastly, Defendant contends that Plaintiff's damages allegations are also insufficient. The Court agrees. To state a claim for negligent violation under section 1681o of the FCRA, Plaintiff must allege facts showing actual damages caused by Defendant's purported violation of the FCRA. *Messano v. Experian Info. Sols., Inc.*, 251 F. Supp. 3d 1309, 1316 (N.D. Cal. 2017) ("Plaintiff would need to plead specific allegations regarding any actual damages that she incurred due to [defendant's] alleged violation, keeping in mind that a lowered credit score, without more, likely does not constitute actual damages."); *Gadomski v. Patelco Credit Union*, No. 17-00695, 2020 WL 1433138, at *9 (E.D. Cal. Mar. 24, 2020) ("a plaintiff cannot recover damages for an impaired credit score alone.").

Here, Plaintiff alleges that she suffered a loss of credit, emotional distress damages, a chilling effect on future credit applications, and loss of beneficial use of credit. These allegations

Case No.: 5:21-cv-04390-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

are insufficient for several reasons.  First and fundamentally, they are too conclusory and sparse to support Plaintiff's negligence claim.  Second, as Defendant points out, it is questionable whether Plaintiff can allege in good faith that it caused damage to her credit score.  This is because she admits in the Complaint that there is a past due payment notation on her credit report for her Shellpoint Mortgage Servicing account—an account that is unrelated to Defendant.  *See* Compl. ¶¶ 31-42  (alleging that she received a 3-month forbearance for her mortgage, but that Shellpoint continued to report late payments).  Third, the alleged chilling effect on future credit applications and loss of beneficial use of credit are too speculative.  Fourth, although actual damages under the FCRA may include recovery for emotional distress and humiliation, Plaintiff's allegations are too general and conclusory to support a claim for negligent violation of the FCRA.  *See Burnthorne-Martinez v. Sephora USA, Inc.*, No. 16-02843 YGR, 2016 WL 6892721, at *6 (N.D. Cal. Nov. 23, 2016) (alleged violation of privacy when conducting background check and the emotional distress caused by such are insufficient to sustain a negligent violation claim under the FCRA).  If Plaintiff elects to amend, she must allege facts to support her claimed damages to avoid dismissal.

## IV.   CONCLUSION

Defendant's motion to dismiss is GRANTED with leave to amend.  Plaintiff may file an amended complaint no later than July 29, 2022.

**IT IS SO ORDERED.**

Dated:  June 27, 2022

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-04390-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
6